UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OPAL FINANCE LTD.,

        Plaintiff,

- against -

AGRENCO MADEIRA COMERCIO
INTERNACIONAL LDA a.k.a. AGRENCO
MADEIRA COMERCIO INTERNACIONAL
LTD., AGRENCO GROUP a.k.a. AGRENCO
LTD., AGRENCO S.A. and INLOGS
INTERNATIONAL LTD.,

        Defendants.
------------------------------------------------------------X

08 CV 8279 (LAP)
ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECOGNITION, CONFIRMATION AND ENFORCEMENT OF FOREIGN ARBITRATION AWARD

OPAL FINANCE LTD. (hereinafter referred to as "Opal Finance"), by its undersigned counsel, Tisdale Law Offices, LLC, submits its Memorandum of law in Support of its Motion for the Recognition, Confirmation, and Enforcement of a foreign arbitral award issued in its favor and against AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA (hereinafter referred to as "Agrenco" or "Respondent") pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, Chapter Two of the Federal Arbitration Act, 9 U.S.C. §§ 201-208.

## FACTS

Opal Finance makes this motion for the recognition, confirmation, and enforcement of a foreign arbitral award issued in its favor against Agrenco in London Arbitration. The facts

underlying this motion are fully set forth in the Affidavit of Lauren C. Davies (*"Davies Aff."*), which is incorporated into and will be referenced throughout this Memorandum of Law.

## ARGUMENT

**1.    The Arbitration Award Should be Recognized, Confirmed, and Enforced**

Opal Finance moves this Court pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, Chapter Two of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. The New York Convention applies to awards "not considered domestic awards in the state where their recognition and enforcement are sought." 9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.

**A.    The Agreement to Arbitrate**

Under the New York Convention, as implemented by the FAA, to enforce an arbitral award, the party seeking such enforcement must show that the arbitration agreement and award fall within the purview of the FAA. Such arbitration agreements or awards must be commercial to be within the coverage of the FAA. 9 U.S.C. § 202. Section 1 of the FAA broadly defines commerce as: "commerce among the several states or with foreign nations." The arbitration clause of the charter party between Opal Finance and Agrenco arose out of a legal relationship which is commercial, covering transactions involving commerce as defined by 9 U.S.C. § 2, thus subject to the FAA. 9 U.S.C. §202 states:

> Sec. 202. - Agreement or award falling under the Convention
>
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section of this title, falls under the

2

> Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

As stated above, Opal Finance and Agrenco agreed to submit their respective claims to binding London arbitration pursuant to the charter party. *See Davies Aff., Exhibit 2.* Arbitration was conducted with participation of each party through London Solicitors and an award was granted on September 28, 2009. *See Davies Aff., Exhibit 1.* No appeal was taken. As such, the attached award falls under the FAA and under 9 U.S.C. § 2, this Court may properly recognize, confirm, and enforce the Award rendered in Opal Finance's favor.

Based on the foregoing, the award is a non-domestic award to which the New York Convention applies and is appropriate for recognition, confirmation, and enforcement by this Honorable Court.

### B.   Jurisdiction

This Court has jurisdiction over this proceeding under the New York Convention pursuant to 9 U.S.C. § 203 which states:

> § 203. Jurisdiction; amount in controversy.
>
> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

By reason of the plain import of the New York Convention there can be no dispute regarding this Court's jurisdiction over this proceeding.

### C. Venue

This Court is a proper venue under 9 U.S.C. § 204 which states as follows:

§ 204 Venue

An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought...

The United States District Court for the Southern District of New York is an appropriate venue because Agrenco's property is subject to attachment in the sum of $1,633,415.60 pursuant to an Ex Parte Order of Maritime Attachment and Garnishment dated September 29, 2008 issued by this Court. *See Davies Aff., Exhibit 4.* Thus, this Court is a competent authority and constitutes a proper venue for this proceeding.

### D. Proceeding to Confirm the Arbitration Award

The FAA at § 207 provides the procedural mechanism by which Opal Finance may enforce the arbitration award. This section provides as follows:

§ 207. Award of arbitrators; confirmation; jurisdiction; proceeding

Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

4

Less than three months have passed since the Award was issued and thus Opal Finance's Petition is timely. Furthermore, as set forth above, this Court has jurisdiction over this proceeding and Opal Finance is entitled to an Order granting the Petition. Opal Finance respectfully submits that there exists no grounds under the New York Convention upon which this Court could refuse or defer recognition and enforcement of the final arbitration award. Furthermore, the burden of proof rests upon a party resisting enforcement. *See Willemijn Houdstermaatschappij v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("the showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof").

## CONCLUSION

**WHEREFORE**, Opal Finance Ltd. respectfully requests that the London Arbitration Award be duly recognized, confirmed, and enforced and that judgment be rendered in its favor and against the Respondent, Agrenco Madeira Comercio Internacional LDA in **the total sum of $1,664,037.50**, representing the principal sum awarded together with interest and the awarded costs together with interest to date due under the Arbitration Award.

Dated: November 24, 2009
New York, NY

By: /s/ Lauren C. Davies

The Plaintiff,
OPAL FINANCE, LTD.,

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
60 East 42nd Street, Suite 1638
New York, NY 10165
(212) 354-0025 / (212) 869-0067 (fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

6