# EXHIBIT 3

PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 26th day of September 2008 by

OPAL FINANCE LTD.,

Plaintiff,

against

AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA.,
a.k.a. AGRENCO MADEIRA COMERCIO INTERNACIONAL LTD.,
AGRENCO GROUP, a.k.a. AGRENCO LTD., AGRENCO S.A.,
and INLOGS INTERNATIONAL LTD.,

Defendants,

in a certain action for breach of maritime contract and indemnity wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount of $1,633,415.60 and praying for process of maritime attachment and garnishment against the said Defendants,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that the Defendants shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Banco do Brasil, S.A., Bank of America, Bank of New York Mellon, Caixa Geral de Depositos, S.A., Citibank, Deutsche Bank, Deutsche Bank Trust Company, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A.

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA a.k.a.
AGRENCO MADEIRA COMERCIO INTERNACIONAL LTD.,
AGRENCO GROUP a.k.a. AGRENCO LTD., AGRENCO S.A.,
and INLOGS INTERNATIONAL LTD.,

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this 29th day of September 2008, and of our Independence the two-hundred and thirty-second.

Tisdale Law Offices LLC
Attorneys for Plaintiff
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

J. MICHAEL McMAHON
Clerk

By: _____
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

CERTIFIED AS A TRUE COPY
THIS DATE 07 29 06
BY _____ Clerk/Deputy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                   :

OPAL FINANCE LTD.                       :  **EX PARTE ORDER FOR**
                                   :  **PROCESS OF MARITIME**
                   Plaintiff,     :  **ATTACHMENT AND**
                                   :  **GARNISHMENT**

   -against-                           :

                                   :  08 Civ. 8279 (LAP)

AGRENCO MADEIRA COMERCIO     :
INTERNACIONAL LDA a.k.a AGRENCO :
MADEIRA COMERCIO INTERNACIONAL  :
LTD., AGRENCO GROUP a.k.a. AGRENCO :
LTD., AGRENCO S.A. and INLOGS     :
INTERNATIONAL LTD.,              :

                   Defendants.   :
                                   :
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09·29·08

LORETTA A. PRESKA, United States District Judge:

     WHEREAS on September 26, 2008, Plaintiff Opal Finance Ltd. filed a Verified

Complaint herein for damages amounting to $1,633.415.60 inclusive of interest, costs,

and attorneys' and arbitrators' fees, and praying for the issuance of an ex parte order for

Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedures; and

     WHEREAS the attorney for Plaintiff has filed a Supporting Affidavit describing

the efforts made by and on behalf of the Plaintiff to find and serve the Defendant within

the District; and

WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions set forth in the Supplemental Admiralty Rule B appear to exist; and

WHEREAS the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the Southern District of New York; it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the Defendant by any garnishees within this District, pursuant to Supplemental Admiralty Rule B, and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within the District

2

if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of the Defendant's property is attached, the Plaintiff shall give prompt notice to the Defendant of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means; and it is further

ORDERED that counsel for all parties shall appear for a pre-trial conference on October 22, 2008 at 9:30 a.m.

SO ORDERED:

Dated: September 26, 2008
New York, New York

LORETTA A. PRESKA, U.S.D.J.

Maritimeform926

CERTIFIED AS A TRUE COPY ON

THIS DATE 09·29·08

BY _____
( ) Clerk
(✓) Deputy

3